# STATE v. FRANK COVINGTON.[1]

May 13, 1927.

No. 25,945.

**Criminal complaint for maintaining a nuisance in violation of city ordinance fatally defective.**

A criminal complaint which fails to state the number of the ordinance defining a nuisance or the date of its passage, and does not state in what manner the nuisance was created or maintained, is insufficient to support a judgment of conviction of maintaining a nuisance.

Intoxicating Liquors, 33 C. J. p. 709 n. 11; p. 735 n. 42 New.

Defendant was convicted in the municipal court of Minneapolis of maintaining a nuisance contrary to the provisions of the city ordinance. He appealed from an order, White, J., denying his motion for a new trial. Reversed.

*W. D. Scott*, for appellant.

*Clifford L. Hilton*, Attorney General, *Neil M. Cronin*, City Attorney, and *Palmer B. Rasmussen*, Assistant City Attorney, for the state.

QUINN, J.

Two police officers of the city of Minneapolis visited the premises known as 1223 Washington avenue north in the city of Minneapolis on the 11th day of September, 1926. The place was located on the second floor of a barber shop. It had the appearance of a residence with about six rooms. There were two colored women, one white woman, two white and four colored men sitting around a dining table. One man was asleep in the front room. The officers searched the place, found 125 bottles of beer, one capping machine fastened on a table, one quart of moonshine, a number of whisky glasses which smelled of moonshine, two 10-gallon jars, four cans of malt, one pint of moonshine and three empty pint bottles under the threshold, and a pitcher containing water and moonshine. Defendant was

[1]Reported in 213 N. W. 909.

present and admitted he was running the place. He had lived there for two years. The defendant told the officers it was good beer and he was making it right along. The officers arrested the defendant and took him before the court, where a complaint was made charging the defendant as follows:

That on the 11th day of September, 1926, at the city of Minneapolis, Hennepin county, Minnesota, the defendant then and there being, did wilfully, unlawfully and wrongfully maintain a nuisance at 1223 Washington avenue north, contrary to the provisions of an ordinance passed by the city council of the city of Minneapolis.

The charge was entered in the records of the court by the clerk. The defendant was arraigned upon such charge and the case was tried to the court. Defendant offered no testimony but objected to the reception of any evidence upon the ground that no complaint had been issued; that he had been arrested by the officers without a warrant; and that the officers had no search warrant while searching his premises. The objections were overruled, testimony on behalf of the prosecution received, and the defendant convicted of maintaining a nuisance as charged in the complaint.

The ordinance defining a nuisance, which it appears was passed by the city of Minneapolis on November 25, 1921, is set forth in respondent's brief. The evidence as disclosed by the record is sufficient to sustain a conviction of maintaining a nuisance under the ordinance referred to in the briefs. The complaint as entered in the records of the court by the clerk is fatally defective for want of sufficient reference to the ordinance defining a nuisance. It neither gives the number of the ordinance, the page of the ordinance book where it may be found or the date of its passage, nor does it state in what manner the nuisance was created or maintained. This court, after considerable effort, succeeded in procuring a copy of the court's record. Nowhere therein can be found a description of the ordinance sufficient to direct the court as to where it may be found. This kind of a complaint is not only insufficient but inexcusable as well.

Reversed.